**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Town of Colorado City, an Arizona municipality,<br><br>        Plaintiff,<br><br>v.<br><br>United Effort Plan Trust, et al.,<br><br>        Defendants. | No. CV11-08037-PHX-DGC<br><br>**ORDER** |

Defendants United Effort Plan Trust ("UEP Trust") and Bruce Wisan as Special Fiduciary of the UEP Trust (collectively, the "Trust Defendants") move to dismiss the First Amended Complaint (Doc. 16) pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The motion is fully briefed.[1] Docs. 32, 37, 40. Defendants Ronald and Jinjer Cooke ("the Cookes") have filed a separate motion dismiss and joinder in Trust Defendants' motion to dismiss. Doc. 41. The Court accepts the Cookes' joinder in Trust Defendants' motion to dismiss. The Court will deny the motion to dismiss for the following reasons.

**I.      Background.**

In 1942, members of the Fundamentalist Church of Jesus Christ of Latter-Day Saints ("FLDS") established the UEP Trust under Utah law. Doc. 16, at 3. From its

---

[1] Plaintiff's request for oral argument is denied because the issues are fully briefed and argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b).

establishment in 1942 until 1998, the UEP Trust was considered a charitable, religious trust.  *Id.*  In 1998, the Utah Supreme Court issued a decision in *Jeffs v. Stubbs*, 970 P.2d 1234 (Utah 1998), holding that the UEP Trust was not a charitable trust because it specifically named identifiable beneficiaries.  *Id.* at 4.  The *Jeffs* court reformed the UEP Trust.  *Id.*  The UEP Trustees then restated the Trust and redefined its beneficiary class.  *Id.*

On May 26, 2005, the Utah Attorney General brought an action for breach of trust (the "trust litigation") against the UEP Trustees in the Fifth Judicial District Court for the State of Utah.  *Id.*  The Utah Attorney General brought the action as a probate matter pursuant to Utah's Uniform Trust Code and sought an order suspending the authority and power of the Trustees and appointing an interim special fiduciary to preserve the assets of the Trust.  *Id.* at 4-5.  Judge Denise Lindberg, who presided over the trust litigation, granted the motion for a temporary restraining order, removed the trustees, and appointed Bruce Wisan to act as UEP Trust's special fiduciary.  *Id.* at 5.  On October 13, 2005, Judge Lindberg issued a memorandum decision holding that the Constitution forbade her from reforming the Trust on the basis of religious doctrine, and consequently sought to apply neutral principles of law to the reformation.  *Id.*  On October 25, 2006, Judge Lindberg created the reformed UEP Trust and expanded the special fiduciary's powers, vesting Wisan with extensive authority to manage Trust property, including identifying and providing homes to UEP Trust beneficiaries.  *Id.* at 6.

On October 6, 2008, the FLDS filed a lawsuit in Utah federal district court against Wisan, the Utah and Arizona attorneys general, and Judge Lindberg, claiming that the Utah state court's reformation of the UEP Trust, specifically divorcing the Trust's operation from its religious underpinnings, and subsequent administration of the trust through the special fiduciary, violated their First Amendment rights (the "FLDS Lawsuit").  Doc. 16, at 6.  On February 24, 2011, Judge Dee Benson granted a preliminary injunction in favor of the FLDS, which has been stayed and is currently pending before the Tenth Circuit.  Doc. 32, at 4.

In 2008, Wisan issued an occupancy agreement to Ronald and Jinjer Cooke on property located at 420 East Academy, Colorado City, Arizona (the "Property").  *Id.*  The Property did not have a culinary water connection, and a dispute arose between the Cookes and various municipal bodies as to whether a new water connection should be established.  Doc. 16, at 11-12.  In June 2010, the State of Arizona filed a lawsuit against Colorado City in Maricopa County Superior Court.  *Id.* at 13.   The Cookes filed a corresponding lawsuit alleging discriminatory and unlawful housing practices in Arizona federal district court (the "Cooke Litigation").  *Id.*  The State intervened in the Cooke Litigation, and that case is now proceeding as a single action in this Court before Judge Teilborg.  No. CV10-08105-JAT.

Prior to 2007 and Wisan's appointment as special fiduciary, Robert Black occupied the Property. Doc. 16, at 13.  In 2001, Black obtained a building permit from Colorado City to construct a home on the property.  *Id.* at 14.  UEP Trust and Wisan have since declared that Black abandoned the Property, but did not take any action to extinguish Black's right to occupy the Property as required under Arizona law.  *Id.*  UEP Trust and Wisan assigned the Property to the Cookes, as discussed above.  *Id.*  Black has asserted an ongoing right to occupy the Property, including applying for another building permit.  *Id.* at 15.

On July 7, 2011, Plaintiff Colorado City filed its First Amended Complaint in this case.  Doc. 16.  In Count One, Colorado City asks this Court for a declaration regarding whether Wisan's actions as special fiduciary following the UEP Trust reformation were unconstitutional.  Doc. 16, at 15.  In Count Two, Colorado City seeks a declaration from this Court regarding whether the Cookes or Black have the right to occupy the Property.  *Id.*  Judge Teilborg has denied Colorado City's motion to transfer and consolidate this case with the Cooke Litigation.  Doc. 42.

**II.     Rules 12(b)(1) and (6).**

Dismissal is appropriate pursuant to Rule 12(b)(1) where the court lacks subject matter jurisdiction over a claim.  Fed. R. Civ. P. 12(b)(1).  The court presumes that a

1   claim lies outside the jurisdiction of federal courts unless proven otherwise.  *See*
2   *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  The plaintiff bears the
3   burden of establishing that jurisdiction exists.  *Indus. Techtonics, Inc. v. Aero Alloy*, 912
4   F.2d 1090, 1092 (9th Cir. 1990).  A Rule 12(b)(1) jurisdictional attack may be facial or
5   factual.  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  "In a
6   facial attack, the challenger asserts that the allegations contained in the complaint are
7   insufficient on their face to invoke federal jurisdiction.  By contrast, in a factual attack,
8   the challenger disputes the truth of the allegations that, by themselves, would otherwise
9   invoke federal jurisdiction."  *Safe Air*, 373 F.3d at 1039.  In resolving a facial attack, the
10  court must accept the factual allegations of the complaint as true and draw all reasonable
11  inferences in the plaintiff's favor.  *Doe v. Holy See*, 557 F.3d 1066, 1073 (9th Cir. 2009).
12  In resolving a factual attack, the court "may review evidence beyond the complaint
13  without converting the motion to dismiss to a motion for summary judgment."  *Safe Air*,
14  373 F.3d at 1039.  The court may not resolve genuine factual disputes if the jurisdictional
15  issue and substantive issues are intertwined.  *See id.*; *Roberts v. Corrothers*, 812 F.2d
16  1173, 1177 (9th Cir. 1987).  Where such issues are intertwined, the court must find that
17  jurisdiction exists and address the motion to dismiss as a motion for summary judgment
18  attacking the merits of plaintiff's case.  *Safe Air*, 373 F.3d at 1039-40, n.3.

19      Dismissal is appropriate pursuant to Rule 12(b)(6) where the plaintiff fails to state
20  a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  When reviewing a
21  complaint under Rule 12(b)(6), all allegations of material fact "are taken as true and
22  construed in the light most favorable to the non-moving party."  *Smith v. Jackson*, 84
23  F.3d 1213, 1217 (9th Cir. 1996).  To avoid a Rule 12(b)(6) dismissal, the complaint must
24  plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp.*
25  *v. Twombly*, 550 U.S. 554, 570 (2007).  Dismissal is appropriate where the complaint
26  lacks a cognizable legal theory, lacks sufficient facts alleged under a cognizable legal
27  theory, or contains allegations disclosing some absolute defense or bar to recovery.  *See*
28  *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988).

- 4 -

1    **III.**    **Discussion.**

2    Trust Defendants move to dismiss the Amended Complaint on the following

3 grounds: (1) Plaintiff does not and cannot allege sufficient facts to show that it has

4 standing to seek declaratory relief, (2) the Court does not have subject matter jurisdiction,

5 (3) the Court does not have jurisdiction under the *Rooker-Feldman* doctrine,

6 (4) Plaintiff's claims are barred by *res judicata*, (5) Plaintiff's claims are barred by quasi-

7 judicial immunity, and (6) the Court should abstain from exercising subject matter

8 jurisdiction.

9    **A.**    **Standing.**

10    Trust Defendants make a facial attack on Colorado City's standing to seek

11 declaratory judgment on both counts because "Colorado City does not and cannot allege

12 facts showing that it has suffered or is threatened with a concrete and particularized legal

13 harm that is actual and imminent." Doc. 32, at 6. The Declaratory Judgment Act permits

14 a federal court to "declare the rights and other legal relations" of parties to "a case of

15 actual controversy." 28 U.S.C. § 2201. "The 'actual controversy' requirement of the Act

16 is the same as the 'case or controversy' requirement of Article III of the United States

17 Constitution." *Societe de Conditionnement en Aluminium v. Hunter Eng'g Co., Inc.*, 655

18 F.2d 938, 942 (9th Cir. 1981). To have standing, a plaintiff "must have suffered, or be

19 threatened with, an actual injury traceable to the defendant and likely to be redressed by a

20 favorable judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S.472, 477 (1990).

21    The Court agrees with Colorado City that Trust Defendants' reliance on a related

22 case, *Cooke v. Wisan*, CV09-8152-PCT-JAT, 2010 WL 1641015 (D. Ariz. April 22,

23 2010), is misplaced. In that case, Judge Teilborg held that the plaintiff, Roland Cooke,

24 lacked standing to enforce a charitable trust administered by the Utah court, that he could

25 not assert the legal rights of others, and that his general attacks on Wisan's authority as

26 manager of the UEP Trust's property were insufficient to establish standing. These are

27 not the considerations before this Court.

28    First, contrary to Trust Defendants' assertion (Doc. 32, at 6), Colorado City has

alleged facts showing that it is threatened with an actual injury.  Colorado City alleges that it will likely have to drill a new well in order to provide the water connection to the Cookes, which may cost as much as $150,000.  Doc. 16, ¶ 88.  Accepting this factual allegation as true, the Court disagrees with Trust Defendants' argument that Colorado City would suffer no injury by providing utility services to the Cookes even if Black were determined to be the rightful occupant.  Doc. 32, at 6.

Second, a sufficient causal connection exists through Colorado City's allegation that the imminent injury stems from Trust Defendants' decision to grant occupancy rights to the Cookes without first taking proper legal steps to extinguish Black's occupancy.  Doc. 37, at 5; Doc. 16, ¶¶ 7-10.

Third, the injury is likely to be redressed by the declaratory relief Colorado City seeks.  The city claims that if the Court declares that Trust Defendants acted improperly when they leased the Property to the Cookes, such a ruling will relieve it from expending resources to provide a water connection at the request of the Cookes.  Doc. 37, at 5.

**B.     Subject Matter Jurisdiction.**

Trust Defendants challenge the Court's subject matter jurisdiction under three doctrines: prior exclusive jurisdiction, the probate exception, and the *Barton/Porter* doctrine.  Doc. 32, at 6.

**1.     Prior Exclusive Jurisdiction.**

Relying on the prior exclusive jurisdiction doctrine, Trust Defendants contend that this Court cannot issue the declaratory relief that Colorado City seeks without disturbing the Utah state court's jurisdiction over the UEP Trust and its property.  Doc. 32, at 8. The prior exclusive jurisdiction doctrine holds that "when one court is exercising *in rem* jurisdiction over a *res*, a second court will not assume *in rem* jurisdiction over the same *res*."  *Chapman v. Deutsche Bank Nat. Trust Co.*, 651 F.3d 1039, 1043 (9th Cir. 2011) (quoting *Marshall v. Marshall*, 547 U.S. 293, 311 (2006)).  The doctrine is a mandatory jurisdictional limitation.  *Id.*  Where parallel state and federal proceedings seek to determine interests in specific property as against the whole world (*in rem*), or where the

- 6 -

1    parties' interests in the property serve as the basis of the jurisdiction for the parallel

2    proceedings (*quasi in rem*), then the doctrine of prior exclusive jurisdiction fully applies.

3    *Id.* at 1044.  Here, no party disputes that the Utah state court first asserted jurisdiction

4    over the trust litigation in 2005, well before Colorado City filed its action in this Court, or

5    that the trust litigation was *in rem*.  The Utah state court's exercise of jurisdiction takes

6    priority.  *See Chapman*, 651 F.3d at 1044-45.

7        The Court must then determine whether this case is properly characterized as *in*

8    *rem*, *quasi in rem*, or *in personam*.  *See id.* at 1045.  In order to characterize the actions,

9    the Court must "look behind the form of the action[s] to the gravamen of [the] complaint

10   and the nature of the right[s] sued on."  *Id.* (quoting *State Eng'r of Nevada v. South Fork*

11   *Band of Te-Moak Tribe*, 339 F.3d 804, 810 (9th Cir. 2003)).  Colorado City argues that

12   prior exclusive jurisdiction is inapplicable by attempting to draw a fine distinction: the

13   Utah court "took control of the [UEP] Trust," but it "has not taken actual possession of

14   the property at issue in this declaratory relief action."  Doc. 37, at 7.  The Court finds,

15   however, that this is not a case it can adjudicate without disturbing the Utah state court's

16   jurisdiction over the *res*, namely, UEP Trust.  *See State Eng'r of Nevada*, 339 F.3d

17   at 811.  In the prior action, the Utah state court appointed Wisan as UEP Trust's special

18   fiduciary and vested him with power to administer the Trust's assets.  This case will

19   disturb the Utah state court's jurisdiction because Count One seeks a declaration that

20   Wisan's administration of the Trust, pursuant to the Utah state court's order, was

21   unconstitutional.  In Count Two, the parties' interests in the Property serve as the basis of

22   the action.  *See id.*  Therefore, this case may be categorized as *quasi in rem*, and the Court

23   finds that the doctrine of prior exclusive jurisdiction applies.  *Id.*

24       There is, however, an exception to the prior exclusive jurisdiction doctrine.

25   Colorado City argues that prior exclusive jurisdiction does not apply to claims for

26   declaratory relief regarding property interests.  Doc. 37, at 8.  The Supreme Court has

27   held that prior exclusive jurisdiction "has no application to a case in federal court based

28   upon diversity of citizenship, wherein the plaintiff seeks merely an adjudication of his

1    right of his interest as a basis of a claim against a fund in the possession of a state

2    court[.]"  *Princess Lida of Thurn and Taxis v. Thompson*, 305 U.S. 456, 466-67 (1939);

3    *see also SJ Properties Suites v. Specialty Finance Group, LLC*, 733 F. Supp. 2d 1021,

4    1034 (E.D. Wis. 2010) ("To the extent that the Plaintiffs seek an adjudication of their

5    rights in the Property, a claim which is quasi *in rem*, the doctrine of prior exclusive

6    jurisdiction does not preclude this Court from exercising its jurisdiction and its

7    concomitant power to adjudicate the quantum of the parties' interests in the Property[.]").

8         Both counts in Colorado City's Amended Complaint seek an adjudication of

9    interests in the Property.  Count One does so indirectly by asking the Court to rule on the

10   constitutionality of Wisan's management of UEP Trust's assets.  If the Court finds that

11   Wisan's conduct was unconstitutional, then Colorado City argues that he lacked authority

12   to approve Ronald Cooke's petition for benefits, and Cooke was ineligible to receive an

13   assignment of Trust assets.    Doc. 16, ¶¶ 107-112.    Count Two directly seeks an

14   adjudication of interest in the Property by asking the Court to determine whether the

15   Cookes or Black have a lawful right to occupy the Property.   Doc. 16, ¶¶ 114-115.

16   Although the prior exclusive jurisdiction doctrine applies to this case, the claims asserted

17   appear to fall under the declaratory relief exception.  The Court therefore concludes that

18   prior exclusive jurisdiction does not preclude it from granting Colorado City's requested

19   relief.

20              **2.    Probate Exception.**

21        Trust Defendants argue that the instant action is improper under the probate

22   exception because the Amended Complaint alleges that Wisan's conduct was

23   unconstitutional and that the UEP Trust's benefits were unlawfully assigned to Ronald

24   Cooke.  Doc. 32, at 9.  Colorado City counters that the probate exception does not apply

25   because this action does not invoke *in rem* jurisdiction and will only impact the parties to

26   this case.  Doc. 37, at 9.

27        "[T]he probate exception reserves to state probate courts the probate or annulment

28   of a will and the administration of a decedent's estate; it also precludes federal courts

- 8 -

from disposing of property that is in the custody of a state probate court.  But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction."  *Marshall v. Marshall*, 547 U.S. 293, 296 (2006).  The Supreme Court has "admonished lower courts for applying the probate exception too broadly." *Campi v. Chirco Trust UDT 02-11-97*, 223 Fed. Appx. 584, 585 (9th Cir. 2007).   In *Campi*, the Ninth Circuit reasoned that the case "does *not* concern the probate or annulment of a testamentary instrument. Instead, it involves a cause of action alleging fraud, undue influence, and breach of fiduciary duties.  Claims merely related to probate matters are not within the probate exception."  *Campi*, 223 Fed. Appx. at 585.

Construing the probate exception narrowly and following the Ninth Circuit's reasoning, the Court agrees with Colorado City that the probate exception does not apply. Doc. 37, at 9.  As in *Campi*, this case does not concern the probate or annulment of a decedent's estate, nor is this Court asked to dispose of property in the custody of a state probate court.  Rather, Count One involves the constitutionality of Wisan's actions as special fiduciary pursuant to the reformation of the UEP Trust.  Doc. 16, at 15.  This claim is certainly related to the probate matters adjudicated by Judge Lindberg in Utah state court, but appears to be a separate issue from the state court's power to administer the estate.  *See, e.g.*, *Campi*, 223 Fed. Appx. at 585; *Giardina v. Fontana*, 733 F.2d 1047, 1050 (2d Cir. 1984) (holding that a complaint seeking a "declaratory judgment that the assignment [of an interest in an estate] was null and void and/or a rescission of the assignment . . . could be granted without in any way interfering with the probate proceedings," and that "this branch of relief does not fall within the probate exception to diversity jurisdiction.").

The Supreme Court has also instructed that a federal court "may exercise its jurisdiction to adjudicate rights in such property where the final judgment does not undertake to interfere with the state court's possession save to the extent that the state court is bound by the judgment to recognize the right adjudicated by the federal court." *Markham v. Allen*, 326 U.S. 490, 494 (1946).  In Count Two of the Amended Complaint,

Colorado City asks the Court to declare whether the Cookes or Black have lawful rights to UEP Trust property.  Doc. 16, at 16.  The Supreme Court has clarified that federal courts have jurisdiction to make such an adjudication of property rights.  The Court therefore concludes that the probate exception does not bar subject matter jurisdiction on either claim.

### 3. *Barton* Rule and 28 U.S.C. § 959(a).

Trust Defendants argue that the Court does not have subject matter jurisdiction under the *Barton* rule because the Utah state court has not given permission to Colorado City to file a federal lawsuit against Wisan as special fiduciary.  Doc. 32, at 11.  The Court will consider this argument only with respect to Count One, because Count Two of the Amended Complaint does not allege a claim against Wisan.  Colorado City does not dispute the application of the *Barton* rule, but argues that Wisan's conduct falls within the ultra vires and business exceptions to the rule.  Doc. 37, at 9-11.

The Supreme Court held in *Barton v. Barbour*, 104 U.S. 126 (1881), that when a plaintiff sues a receiver outside of and without the permission of the appointing court, the non-appointing court is without jurisdiction to entertain the suit.  *Med. Dev. Int'l v. California Dept. of Corr. & Rehab.*, 585 F.3d 1211, 1216-17 (9th Cir. 2009) (citing *Barton*, 104 U.S. at 131).  "When a court exercising jurisdiction in equity appoints a receiver of all the property of a corporation, the court assumes the administration of the estate.  The possession of the receiver is the possession of the court[.]"  *Id.* (quoting *Porter v. Sabin*, 149 U.S. 473, 479 (1893)).  It is therefore for that court "to decide whether it will determine for itself all claims of or against the receiver, or will allow them to be litigated elsewhere."  *Porter*, 149 U.S. at 479.

Congress has enacted a business exception to the *Barton* rule: "Trustees, receivers or managers of any property, including debtors in possession, may be sued, without leave of the court appointing them, with respect to any of their acts or transactions in carrying on business connected with such property."  28 U.S.C. § 959(a).  The initial determination for the Court is whether Wisan was "carrying on business" within the

meaning of § 959(a).  The Ninth Circuit has held that § 959(a) "applies only if the . . . officer is actually operating the business, and only to 'acts or transactions in conducting the debtor's enterprise in the ordinary sense of the words or in pursuing that business as an ongoing enterprise.'"  *Med. Dev. Int'l*, 585 F.3d at 1217-18 (quoting *In re Crown Vantage*, 421 F.3d 963, 971-72 (9th Cir. 2005)).  As Trust Defendants point out, at least one other Circuit Court of Appeals has determined that "actions taken in the mere continuous administration of property under order of the court do not constitute an 'act' or 'transaction' in carrying on business connected with the estate."  *See* Doc. 40, at 6 (quoting *Muratore v. Darr*, 375 F.3d 140, 144 (1st Cir. 2004)).

Wisan was administering UEP Trust's property under order of the Utah state court "expanding the Special Fiduciary's powers."  Doc. 16, ¶ 28.  Wisan's discretion in conducting the UEP Trust is analogous to the facts in *Medical Development International*.  In that case, the Ninth Circuit held that § 959(a) applied because the lower court had assigned the receiver all powers relating to administration, control, management, operation, and financing.  *Med. Dev. Int'l*, 585 F.3d at 1217.  Wisan was not appointed special fiduciary merely to wind up or reorganize UEP Trust's operations; UEP Trust is an ongoing entity.  *See Med. Dev. Int'l*, 585 F.3d at 1217.  Wisan was vested with the authority to file lawsuits on behalf of UEP Trust, manage, lease, or rent Trust property at his discretion, and identify and provide homes to Trust beneficiaries.  Doc. 16, at ¶¶ 28, 37.  Colorado City challenges Wisan's conduct in operating the Trust's business in an ongoing or usual manner.  *Med. Dev. Int'l*, 585 F.3d at 1217-18.  Given the nature of Wisan's involvement with UEP Trust, the Court concludes that Wisan was conducting business within the meaning of § 959(a).  Colorado City therefore did not need permission from the Utah state court to bring a claim against Wisan.

### C. *Rooker-Feldman* Doctrine.

Trust Defendants argue that, under the *Rooker-Feldman* doctrine, the Court does not have jurisdiction to consider the constitutionality of Wisan's conduct because it was expressly authorized by the Utah state court.  Doc. 32, at 12.  This argument challenges

jurisdiction on only Count One of the Amended Complaint. "The *Rooker-Feldman* doctrine prevents . . . federal courts from exercising jurisdiction over cases brought by "state-court losers" challenging "state-court judgments rendered before the district proceedings commenced." *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 554 U.S. 280, 284 (2005)). The Supreme Court has held *Rooker-Feldman* inapplicable where the party against whom the doctrine is invoked was not a party to the underlying state-court proceeding. *Lance*, 546 U.S. at 464. It has cautioned that the doctrine "is not simply preclusion by another name," and that it applies only in limited circumstances. *Id.* at 466. "The *Rooker-Feldman* doctrine does not bar actions by nonparties to the earlier state-court judgment simply because, for purposes of preclusion law, they could be considered in privity with a party to the judgment." *Id.*

Colorado City was not a party in the Utah state court proceeding. The Utah Attorney General brought the action in state court for breach of trust against the UEP Trustees. Doc. 16, ¶¶ 24-25. Trust Defendants argue that it is irrelevant that Colorado City did not participate in the state court proceedings because where the state court action is an estate proceeding, *Rooker-Feldman* is not limited to participants. Doc. 32, at 12. In so arguing, Trust Defendants cite a footnote in *Lance v. Davis*, in which the Supreme Court notes that it does not address "whether there are *any* circumstances, however limited, in which *Rooker-Feldman* may be applied against a party not named in an earlier state proceeding[.]" *Lance*, 546 U.S. at 466, n.2 (emphasis in original). While the Supreme Court has left open the possibility that the doctrine may apply in some cases to nonparties, the Court will apply the *Lance* holding to this case. Because Colorado City was not a party in the Utah state proceeding and because the constitutionality claim was not itself separately litigated and rejected by the Utah state court, the Court concludes that the claim does not constitute a *de facto* appeal of a state court decision and that *Rooker-Feldman* does not bar subject matter jurisdiction over Count One. *See Reusser v. Wachovia Bank*, 525 F.3d 855, 860 (9th Cir. 2008) (holding that the "claims constitute a

1    *de facto* appeal of a state court decision and are therefore barred by the *Rooker-Feldman*

2    doctrine because the claim was itself separately litigated before and rejected by an

3    Oregon state court).

4         **D.    *Res Judicata*.**

5         Trust Defendants argue that Colorado City's Amended Complaint is barred by *res*

6    *judicata*.  Doc. 32, at 12.  The elements necessary to establish *res judicata* are: "(1) an

7    identity of claims, (2) a final judgment on the merits, and (3) privity between parties."

8    *Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1052 (9th Cir. 2005).  Colorado

9    City responds that there is no identity of claims and no privity between the parties.

10   Doc. 37, at 13-14.

11        This Circuit approaches the question of identical claims by applying several

12   criteria, including "(1) whether rights or interests established in the prior judgment would

13   be destroyed or impaired by prosecution of the second action; (2) whether substantially

14   the same evidence is presented in the two actions; (3) whether the two suits involve

15   infringement of the same right; and (4) whether the two suits arise out of the same

16   transactional nucleus of facts."  *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201-

17   02 (9th Cir. 1982).  The Court has considered these factors and concludes that there is no

18   identity of claims between the Utah state court action and the instant action.  In the Utah

19   state court action, the claims arose out of the Utah Attorney General's request to suspend

20   the power and authority of the UEP Trustees due to an alleged breach of trust.  Doc. 16,

21   ¶¶ 24-25.   In the instant action, Colorado City asks for declaratory relief as to the

22   constitutionality of Wisan's conduct in managing UEP Trust assets and the rightful

23   ownership of the Property at issue.  *Id.*, ¶¶ 104-116.  The two actions do not involve

24   infringement of the same right, nor do the actions arise out of the same nucleus of facts

25   given that Wisan was appointed special fiduciary of the UEP Trust as a result of the Utah

26   state court action and thus his conduct challenged in this case could not have occurred at

27   the time of the Utah state court action.  Because there is no identity of claims, Colorado

28   City's Amended Complaint is not barred by *res judicata*.

1        **E.      Quasi-Judicial Immunity.**

2        Trust Defendants moved to dismiss the Amended Complaint on the basis of

3 Wisan's alleged quasi-judicial immunity, but have since withdrawn this argument.

4 Doc. 40, at 8.

5        **F.      Declaratory Judgment Act.**

6        The Court has discretion under the Declaratory Judgment Act, 28 U.S.C. § 2201,

7 to grant or decline jurisdiction over declaratory actions: "In a case of actual controversy

8 within its jurisdiction . . . any court of the United States, upon filing of an appropriate

9 pleading, may declare the rights and other legal relations of any interested party seeking

10 such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201.

11 The statute is "deliberately cast in terms of permissive, rather than mandatory, authority."

12 *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1223 (9th Cir. 1998) (quoting *Pub. Serv.*

13 *Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 250 (1952) (J. Reed, concurring)).  The

14 Court's discretion is not unfettered; it must look to the *Brillhart* factors for guidance in

15 exercising its discretion.  *See Dizol*, 133 F.3d at 1223.  "The district court should avoid

16 needless determination of state law issues; it should discourage litigants from filing

17 declaratory actions as a means of forum shopping; and it should avoid duplicative

18 litigation." *Id.* at 1225.

19        After considering the *Brillhart* factors, the Court will not dismiss the action based

20 on Trust Defendants' motion (Doc. 32).  The Court agrees with Colorado City that

21 hearing this action will "serve a useful purpose to clarify and settle the legal relations at

22 issue."  Doc. 37, at 15.  In the related action before Judge Teilborg, CV10-08105-JAT,

23 the Cookes allege that Colorado City discriminated against them by denying them a

24 culinary water connection on the basis of religion and disability.  Doc. 16, ¶ 60.  The

25 Court believes that the discrimination claims before Judge Teilborg are distinct from the

26 issues in this action.  Resolving the discrimination claims will not clarify whether Wisan

27 acted unconstitutionally and whether the Cookes or Black have the right to occupy the

28 Property.  The action before Judge Teilborg will not clarify all of the legal relations at

issue in the instant action because only Colorado City and the Cookes are named in both actions.  UEP Trust, Bruce Wisan, and the Blacks are parties in this action but are not named in the action before Judge Teilborg.  While any relief that the Court grants in this case will not be binding in the case before Judge Teilborg, and vice versa, it is irrelevant under the Declaratory Relief Act whether the parties can or do seek further relief based on the Court's declaration of rights in this action.  At this stage in the proceedings, the Court will not refuse to exercise its discretion to grant declaratory relief.

**IT IS ORDERED:**

1.    Defendants UEP Trust and Bruce Wisan's motion to dismiss (Doc. 32), joined by Defendants Ronald and Jinjer Cooke, is **denied**.

2.    The Court will rule on the motion to dismiss filed by the Cookes (Doc. 41) when it is fully briefed.

3.    The Court will set a Case Management Conference by separate order.

Dated this 4th day of January, 2012.

_____
David G. Campbell
United States District Judge