**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Town of Colorado City, an Arizona municipality,<br><br>                    Plaintiff,<br><br>v.<br><br>United Effort Plan Trust, et al.,<br><br>                    Defendants. | No. CV11-8037-PCT-DGC<br><br>**ORDER** |

The Utah Attorney General moves to intervene (Doc. 56) pursuant to Federal Rules of Civil Procedure 24(a). Plaintiff does not contest the motion.[1] Doc. 67. The Court will grant the motion to intervene, but will require the Attorney General to comply with the existing litigation schedule.

**I.    Legal Standard.**

The Ninth Circuit has established a four-part test for intervention under Rule 24(a). This test requires a proposed intervenor to (1) have a significantly protectable interest in the property or transaction that is the subject of the action, (2) be situated so that the disposition of the action may impair that party's ability to protect that interest, (3) demonstrate that its interests are not adequately represented by other parties, and (4) move to intervene in a timely manner. *Arakaki v. Cayetano*, 324

---

[1] Plaintiff does, however, object to the language of proposed order submitted by the Utah Attorney General. Doc. 66-1.

F.3d 1078, 1083 (9th Cir. 2003). "In determining whether intervention is appropriate, we are guided primarily by practical and equitable considerations. We generally interpret the requirements broadly in favor of intervention." *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998).

## II. Analysis.

### A. Timeliness.

The motion is timely. The Utah Attorney General asserts that this intervention will not delay the proceedings in any way. Doc. 56, 57 at 7.

### B. Significantly protectable interest.

In order to demonstrate a protectable interest, the intervenor must establish that (1) its interest is protected under some law and (2) there is a relationship between that legally protected interest and the plaintiffs' claims. *Donnelly*, 159 F.3d at 409. A proposed intervenor satisfies the second requirement "only if the resolution of the plaintiff's claims actually will affect the applicant." *Donnely*, 159 F.3d at 410 (citations omitted).

These requirements are satisfied. The Utah Attorney General has a duty to ensure that the UEP Trust is administered properly in order to protect the interests of its beneficiaries and the people of Utah, and a determination as to the constitutionality of the Fiduciary's actions when entering into leases for UEP Trust land may affect litigation involving the Attorney General that is pending before the Third District Court of Utah and the Tenth Circuit. Doc. 57 at 3, 5.

### C. Impaired ability to protect an interest.

The Attorney General must show that the disposition of this action "may as a practical matter impair or impede [his] ability to protect [his] interest." Fed. R. Civ. P. 24(a)(2). Generally, after finding that a proposed intervenor has a significant protectable interest, courts have "little difficulty concluding" that the disposition of the case may affect it. *Cal. ex rel. Lockyer v. U.S.*, 450 F.3d 436, 442 (9th Cir. 2006).

Disposition of this action in Plaintiff's favor could impair the Utah Attorney General's ability to protect the interests of the Trust beneficiaries and the people of Utah. In particular, a ruling in favor of Plaintiff on Count One, finding that the reformation of the Trust was unconstitutional, would have practical implications for the Utah Attorney General in other ongoing litigation. Such a holding would be contrary to his interest in protecting the constitutionality of the outcome for which he advocated before Utah's Third District Court.

### D.   Adequate representation by Defendants.

The Court must consider "whether the interest of a present party is such that it will undoubtedly make all intervenor's arguments," "whether the present party is capable and willing to make such arguments," and "whether [the Utah Attorney General] would offer any necessary elements to the proceedings that other parties would neglect." *State of Cal. v. Tahoe Reg'l Planning Agency*, 792 F.2d 775, 778 (9th Cir. 1986) (citations omitted). A proposed intervenor need only show that the defendant's representation of its interest "may" be inadequate, a minimal burden. *Trbovich v. United Mine Workers of Am.*, 404 U.S. 428, 538 n.10 (1972). If, however, the proposed intervenor and a defendant have the "same ultimate objective, a presumption of adequacy of representation arises" and the intervenor must make a substantial showing of inadequacy. *Arakaki*, 324 F.3d at 1086.

The Attorney General may share the same ultimate objective as the Trust – both seek to have the appointment and actions of the Special Fiduciary held constitutional – but the presumption of adequacy is overcome by the Trust's assertion that it cannot adequately defend itself due to lack of funding. Doc. 57 at 8-9 (quoting Third District Court Case, Memorandum in Support of Special Fiduciary's Emergency Motion for Additional Guidance, March 16, 2012 at 14). Additionally, the Utah Attorney General and the Trust do not have identical interests. The Trust represents the interests of its beneficiaries, while the Attorney General represents all the people of Utah. Because not all Utahns are beneficiaries of the Trust, the Attorney General necessarily represents interests beyond those represented by the Trust.

### III. Conclusion.

Because the Utah Attorney General satisfies all four parts of the Rule 24(a) inquiry, the Court will grant his motion to intervene as a matter of right.

**IT IS ORDERED:**

1. Utah Attorney General's Motion to Intervene (Doc. 56) is **granted.**
2. Utah Attorney General shall comply with the schedule set forth in the Court's Case Management Order (Doc. 52).

Dated this 25th day of July, 2012.

_____
David G. Campbell
United States District Judge