**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Town of Colorado City, an Arizona municipality,<br><br>Plaintiff,<br><br>v.<br><br>United Effort Plan Trust, et al.,<br><br>Defendants. | No. CV11-08037-PCT-DGC<br><br>**ORDER** |

The Utah Attorney General has filed a motion to stay. Doc. 73. Plaintiff Colorado City opposes the stay. Doc. 78. The Court will deny the motion.[1]

A district court has discretionary power to stay proceedings. *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *see also Lockyear v. Mirant Corp.*, 398 F.3d 1098, 1109-13 (9th Cir. 2005). The party seeking a stay "must make out a clear case of hardship or inequity in being required to go forward if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Landis*, 299 U.S. at 255.

The principle of federal comity is designed to "avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *W. Gulf Mar. Ass'n v. ILA Deep Sea Local 24 et al.*, 751 F.2d 721, 729 (5th Cir. 1985).

---

[1] The request for oral argument is denied because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

In his reply brief, the Attorney General clarified that he does not seek to stay discovery in this case, and acknowledged that resolution of *FLDS v. Wisan, et al*. will not fully resolve the dispute at issue in this case. Doc. 81 at 2. Rather, because he believes the resolution of *FLDS* will affect this case, he seeks a stay after discovery is completed. *Id.* Specifically, he asks the Court to stay the dispositive motion deadline and the trial until after the Tenth Circuit has ruled. *Id.*

As the Court noted at the April 11, 2012 scheduling conference, it agrees that the outcome of *FLDS* is likely to affect this case. Doc. 78-1 at 17. Rather than grant a stay, however, the Court set the discovery schedule in hopes of delaying dispositive motions until after the Tenth Circuit reached its decision. *Id.* Pursuant to that schedule, dispositive motions are now due on January 11, 2013. The Court will continue to adhere to that schedule, but if the Tenth Circuit has not ruled by December 12, 2012, the parties shall place a joint conference call to the Court to discuss scheduling. This approach will adequately address the Attorney General's comity concerns, while allowing for an efficient disposition of this case.

**IT IS ORDERED** that the Motion to Stay (Doc. 73) is **denied.** The parties shall contact the Court by December 12, 2012, if the Tenth Circuit has not issued a decision in *FLDS v. Wisan et al.*

Dated this 15th day of October, 2012.

_____
David G. Campbell
United States District Judge