**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Town of Colorado City, an Arizona municipality,<br><br>Plaintiff,<br><br>v.<br><br>United Effort Plan Trust, et al.,<br><br>Defendants. | No. CV11-8037-PCT-DGC<br><br>**ORDER** |

The Arizona Attorney General moves to intervene (Doc. 93) pursuant to Federal Rules of Civil Procedure 24(a). Plaintiff does not contest the motion. Doc. 101. The Court will grant the motion to intervene, but will require the Attorney General to comply with the existing litigation schedule.

**I.  Legal Standard.**

The Ninth Circuit has established a four-part test for intervention under Rule 24(a). This test requires a proposed intervenor to (1) have a significantly protectable interest in the property or transaction that is the subject of the action, (2) be situated so that the disposition of the action may impair that party's ability to protect that interest, (3) demonstrate that its interests are not adequately represented by other parties, and (4) move to intervene in a timely manner. *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003). "In determining whether intervention is appropriate, we are guided primarily by practical and equitable considerations. We generally interpret the requirements broadly in favor of intervention." *Donnelly v. Glickman*, 159 F.3d 405, 409

(9th Cir. 1998).

**II.  Analysis.**

    **A.  Timeliness.**

Although the Arizona Attorney General has waited months to seek intervention, he states that his intervention will not delay the proceedings in any way and that he will abide by the schedule in the Court's Case Management Order (Doc. 52).  Doc. 93 at 6.  In light of this assurance, upon which the Court will rely, the Court concludes that the motion is not so delayed as to warrant denial.

    **B.  Significantly protectable interest.**

In order to demonstrate a protectable interest, the intervenor must establish that (1) its interest is protected under some law and (2) there is a relationship between that legally protected interest and the plaintiffs' claims.  *Donnelly*, 159 F.3d at 409.  A proposed intervenor satisfies the second requirement "only if the resolution of the plaintiff's claims actually will affect the applicant." *Id.* at 410 (citations omitted).

These requirements are satisfied.  The Arizona Attorney General has law enforcement and other responsibilities that could be affected by this litigation.  His office has participated and is participating in other lawsuits related to the UEP Trust.

    **C.  Impaired ability to protect an interest.**

The Attorney General must show that the disposition of this action "may as a practical matter impair or impede [his] ability to protect [his] interest."  Fed. R. Civ. P. 24(a)(2).  Generally, after finding that a proposed intervenor has a significant protectable interest, courts have "little difficulty concluding" that the disposition of the case may affect it.  *Cal. ex rel. Lockyer v. U.S.*, 450 F.3d 436, 442 (9th Cir. 2006).

Disposition of this action in Plaintiff's favor could impair the Arizona Attorney General's ability to protect the interests of the Trust beneficiaries in Arizona and other citizens of Arizona.  In particular, a ruling in favor of Plaintiff on Count One, finding that the reformation of the Trust was unconstitutional, could have practical implications for

the Arizona Attorney General in other ongoing litigation.

### D. Adequate representation by Defendants.

The Court must consider "whether the interest of a present party is such that it will undoubtedly make all intervenor's arguments," "whether the present party is capable and willing to make such arguments," and "whether [the Arizona Attorney General] would offer any necessary elements to the proceedings that other parties would neglect." *State of Cal. v. Tahoe Reg'l Planning Agency*, 792 F.2d 775, 778 (9th Cir. 1986) (citations omitted). A proposed intervenor need only show that the defendant's representation of its interest "may" be inadequate, a minimal burden. *Trbovich v. United Mine Workers of Am.*, 404 U.S. 428, 538 n.10 (1972).

The Attorney General may share the same ultimate objective as the Trust – both seek to have the appointment and actions of the Special Fiduciary held constitutional – but the presumption of adequacy is overcome by the Trust's assertion that it cannot adequately defend itself due to lack of funding. Doc. 57 at 8-9 (quoting Third District Court Case, Memorandum in Support of Special Fiduciary's Emergency Motion for Additional Guidance, March 16, 2012 at 14). Additionally, the Arizona Attorney General and the Trust do not have identical interests. The Trust represents the interests of its beneficiaries, while the Attorney General represents all the people of Arizona. Similarly, the Utah Attorney General, who also has intervened in the case, represents the citizens of Utah, not the citizens of Arizona.

### III. Conclusion.

Because the Arizona Attorney General satisfies all four parts of the Rule 24(a) inquiry, the Court will grant his motion to intervene as a matter of right.

**IT IS ORDERED:**

1. The Attorney General's Motion to Intervene (Doc. 93) is **granted.**

2. The Clerk is directed to file the answer by the Attorney General lodged at Doc. 94.

3. The Attorney General shall comply with the schedule set forth in the Court's Case Management Order (Doc. 52).

Dated this 26th day of November, 2012.

*[signature: Daniel G. Campbell]*

David G. Campbell
United States District Judge