**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Town of Colorado City, an Arizona municipality,<br><br>Plaintiff,<br><br>v.<br><br>The United Effort Plan Trust, et al.,<br><br>Defendants. | No. CV11-8037-PHX-DGC<br><br>**ORDER** |

Hildale City, Twin City Water Authority ("TCWA"), and Twin City Power ("TCP") (collectively "Hildale Intervenors") move to intervene pursuant to Federal Rule of Civil Procedure 24(a) and Local Rule 7.2(i). Doc. 75. Defendants United Effort Plan Trust, Bruce Wisan and Ronald and Jinjer Cooke ("Opposing Defendants") oppose the motion to intervene. Doc. 117. For the reasons and with the restrictions that follow, the Court will grant the motion to intervene.

**I.   Legal Standard.**

The Ninth Circuit has established a four-part test for intervention under Rule 24(a). This test requires a proposed intervenor to (1) have a significantly protectable interest in the property or transaction that is the subject of the action, (2) be situated so that the disposition of the action may impair that party's ability to protect that interest, (3) demonstrate that its interests are not adequately represented by other parties, and (4) move to intervene in a timely manner. *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003). "In determining whether intervention is appropriate, we are guided

primarily by practical and equitable considerations. We generally interpret the requirements broadly in favor of intervention." *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998)

**II.   Analysis.**

   **A.   Significantly protectable interest.**

To demonstrate a significantly protectable interest, the intervenor must establish that (1) its interest is protected under some law and (2) there is a relationship between that legally protected interest and the plaintiff's claims. *Id*. at 409. Hildale City includes UEP-Trust-owned property that could be substantially impacted by the outcome of this case. TCWA manages and administers the culinary water system in Hildale City and Colorado City. All three intervenors are parties in a related action (Case No. 3:10-cv-08105-JAT). The resolution of the question of Bruce Wisan's appointment as a special fiduciary for the UEP Trust will affect land ownership in Hildale City and could impact the interests of all three intervenors. The real property and regulatory interests at issue are protected by law.

   **B.   Impaired ability to protect an interest.**

Rule 24(a)(2) requires the proposed intervenor to show that the disposition of this action "may as a practical matter impair or impede the movant's ability to protect its interest[.]" A determination regarding the rightful occupant of the subject property and the constitutionality of Bruce Wisan's administration of the trust could require Hildale Intervenors to adjust their enforcement, building, utilities, and subdivision policies and permitting procedures. As parties in the related action, Hildale Intervenors also have an interest in avoiding a ruling that could adversely affect their position in that case.

   **C.   Adequate representation by existing parties.**

The Court must consider "whether the interest of a present party is such that it will undoubtedly make all intervenor's arguments," "whether the present party is capable and willing to make such arguments," and "whether the intervenor[s] would offer any necessary elements to the proceedings that other parties would neglect." *State of Cal. v.*

*Tahoe Reg'l Planning Agency*, 792 F.2d 775, 778 (9th Cir. 1986) (citations omitted). A proposed intervenor need only show that the existing parties' representation of its interest "may" be inadequate, a minimal burden. *Trbovich v. United Mine Workers of Am.*, 404 U.S. 428, 538 n.10 (1972).

The Court cannot say that Colorado City undoubtedly will make all of Hildale Intervenors' arguments. Colorado City is the town in which the disputed parcel actually lies, but Hildale City is a distinct municipality that is interested in the outcome of this case because much of the property within its boundaries is controlled by the trust. TCWA and TCP will have concerns about the impact of a declaratory judgment on utilities issues that Colorado City may not feel compelled to raise. Hildale Intervenors represent significant interests that may not otherwise be represented in this litigation.

**D.    Timeliness.**

Hildale Intervenors first moved to intervene in August of this year. Due to technical deficiencies in their pleading, the motion was denied two months later. Doc. 85. Hildale Intervenors moved to intervene five weeks after the denial, but their second motion was denied because of concerns about the effect their intervention could have on the schedule of this case. Doc. 105. Hildale Intervenors filed their third motion to intervene on the day their second motion was denied.

This process has resulted in an intervention that, if granted, would occur late in the discovery period established by the Court's Case Management Order. Doc. 52. Hildale Intervenors seek to alleviate concerns about their late arrival by avowing in their third motion that "Hildale Intervenors will not seek to conduct their own discovery, and agree to be bound by the existing scheduling order (Doc. 52) so that the case can proceed forward as planned." Doc. 112 at 3. Opposing Defendants express concern that arrival of Hildale Intervenors in this action may require Opposing Defendants to conduct additional discovery in order to respond to claims asserted by Hildale Intervenors.

The Court may limit the participation of an intervenor in ongoing litigation. *See* Fed. R. Civ. P. 24 advisory committee note (1966) ("An intervention of right under the

amended rule may be subject to appropriate conditions or restrictions responsive among other things to the requirements of efficient conduct of the proceedings."); *Friends of Tims Ford v. Tennessee Valley Authority*, 585 F.3d 955, 963 n. 1 (6th Cir. 2009); *San Juan County, Utah v. U.S.*, 503 F.3d 1163, 1189 (10th Cir. 2007). This may include precluding an intervenor from raising new claims or limiting the intervenor's right to take discovery. *Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370, 373 (1987).

The Court will limit any prejudice caused by Hildale Intervenors' late arrival in this case by imposing the following restrictions on their participation in this case: (1) Hildale Intervenors will be limited to claims already asserted in this case by Colorado City. (2) Hildale Intervenors will be limited to the witnesses, exhibits, and positions stated in the Rule 26(a) disclosure statement attached as Exhibit C to their reply memorandum (Doc. 118-3), which are virtually identical to the same items in Colorado City's disclosure statement. New witnesses and exhibits may not be identified by Hildale Intervenors. (3) Hildale Intervenors may not initiate discovery in this case, but may ask questions in the Rule 30(b)(6) depositions of the UEP and Utah Attorney General's Office of no more than 30 minutes in each deposition. (4) Hildale Intervenors may not duplicate briefing and arguments made by Colorado City at the dispositive motion stage. Colorado City and Hildale Intervenors will be required to coordinate briefing to avoid duplication. (5) Hildale Intervenors will work cooperatively with the existing parties to schedule promptly any discovery that may be necessitated by their intervention.

The Court concludes that these restrictions will limit any prejudice experienced by Opposing Defendants from the late arrival of Hildale Intervenors.

**IT IS ORDERED** that the Third Motion to Intervene (Doc. 111) is **granted** with the restrictions noted above. The Motion to Expedite (Doc. 110) is **denied** as moot. Hildale Intervenors may file their proposed complaint.

Dated this 29th day of November, 2012.

---

David G. Campbell
United States District Judge